**Piero A. BUGONI, Plaintiff–Appellant,**

v.

**Andrew P. THOMAS, et. al.,**
**Defendants–Appellees.**

**No. 06–16479.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 10, 2007.

Piero A. Bugoni, Boca Raton, FL, pro se.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Piero A. Bugoni appeals pro se from the district court's judgment sua sponte dismissing his civil rights action against the state court judge and county prosecutor involved in state court proceedings against him. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment de novo. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim); *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (dismissal pursuant to *Rooker–Feldman* doctrine). We affirm.

The district court properly dismissed Bugoni's civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the allegations in Bugoni's amended complaint were too vague and conclusory to state a civil rights claim. *See Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

To the extent Bugoni seeks federal court review and reversal of orders entered against him in Arizona state court, and raises constitutional claims that are "inextricably intertwined" with those state court decisions, the district court properly dismissed the action pursuant to the *Rooker–Feldman* doctrine. *Noel,* 341 F.3d at 1158; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments); *Doe & Assocs. Law Of-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**12**

*fices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001) (applying *Rooker–Feldman* doctrine to interlocutory state court decisions).

The district court did not abuse its discretion in denying Bugoni's motion to reconsider because Bugoni presented no meritorious arguments supporting reconsideration or amendment of the judgment. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (describing elements of relief under Federal Rules of Civil Procedure 59(e) and 60(b)).

Bugoni's remaining contentions are not persuasive.

**AFFIRMED.**

